IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEPHEN L. GRANT,

                  Plaintiff,

    v.                                                         ORDER

CHONG XIONG,                                         22-cv-575-jdp

                  Defendant.

---

    I allowed plaintiff Stephen L. Grant to proceed on a retaliation claim against defendant Chong Xiong based on allegations that Xiong retaliated against Grant by writing a false disciplinary report and denying him a phone call and medical ice. *See* Dkt. 5. Grant filed a motion for subpoenas, which Magistrate Judge Crocker denied without prejudice. Dkt. 18. Grant has filed a motion objecting to Magistrate Judge Crocker's order and requesting subpoenas. Dkt. 20. I will deny this motion without prejudice.

    Grant objects to the referral of the case to Magistrate Judge Crocker for pretrial matters, contending that the court failed to tell him that he was free to withhold consent. Grant is mistaken because, under Local Rule 2 of this district, Magistrate Judge Crocker is "designated to hear and determine any pretrial matter pending before this court." The referral was automatic and Magistrate Judge Crocker had the power to issue the nondispositive ruling at issue. Grant would have to consent to the case being assigned to Judge Crocker as the presiding judge, but that hasn't happened.

    The court denied the previous motion for subpoenas for two primary reasons: (1) Grant's allegations lacked specificity; and (2) Grant failed to explain why he could not obtain the information he sought through traditional discovery requests. *See* Dkt. 18. Grant's

new motion does not cure these deficiencies. Grant contends that he wants to question several correctional officers about Xiong's alleged habit of letting food port doors fall open freely. But Grant has not specified what relevant information he hopes to obtain from the correctional officers. Grant seeks information related to the alleged destruction of security video footage but has not specified what information he hopes to obtain. Grant's evidence indicates that a DVD containing security video footage is in the possession of the Dane County Circuit Court. But Grant has not explained how this DVD is relevant to his claims. Also, Grant has not explained why he could not obtain most of the information that he seeks through traditional discovery requests. Grant's conclusory contention that one correctional officer has told him that he should seek a subpoena does not show this. As framed, Grant's subpoena requests would impose an undue burden on the intended recipients.

I will deny Grant's request for subpoenas without prejudice. Grant is advised to read the court's scheduling order carefully and to use traditional discovery requests to obtain the information that he seeks to obtain with subpoenas. If Grant files a request for subpoenas in the future, he will have to: (1) identify the individuals on whom he wishes to serve subpoenas; (2) specify the information he seeks from each individual; (3) explain how the information is relevant to his claims in this lawsuit; and (4) describe his efforts to obtain the information that he seeks through traditional discovery requests. If Grant seeks to take a deposition, he must also "show that he is capable of paying for the cost of such witnesses' time and mileage in accordance with Fed. R. Civ. P. 45(b)(1)." *Alexander v. Richter*, No. 15-cv-766-wmc, 2017 WL 1093289, at *1 (W.D. Wis. Mar. 22, 2017).

ORDER

IT IS ORDERED that:

1. Plaintiff Stephen L. Grant's motion objecting to Magistrate Judge Crocker's order and requesting subpoenas, Dkt. 20, is DENIED without prejudice.

2. The clerk of court is directed to send plaintiff a copy of this order.

Entered June 12, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge