IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEPHEN L. GRANT,

                Plaintiff,

v.

CHONG XIONG,

                Defendant.

ORDER

22-cv-575-jdp

---

Pro se plaintiff Stephen L. Grant moved for sanctions, contending that defendant Chong Xiong spoliated video footage of two events related to his retaliation claim. *See* Dkt. 22. One of the videos shows events related to a disciplinary report that Grant contends is false; the other shows defendant Chong Xiong denying him a phone call. In his complaint, Grant alleged that the false disciplinary report and denial of the phone call were adverse actions supporting his retaliation claim.

Xiong responded, contending that the motion is moot because it produced the video related to the disciplinary report. *See* Dkt. 25. In his reply, Grant notes that Xiong failed to address his contention that the video related to the denied phone call was destroyed. Dkt. 32. Xiong moved for an extension of time to file a supplemental response to the motion for sanctions, contending that he thought Grant based his motion on only the video related to the disciplinary report. Dkt. 34. Xiong added that the video of Grant being denied a phone call would be irrelevant to the retaliation claim because it wouldn't show whether Xiong denied the call for a retaliatory reason. The court granted the motion and gave Xiong until December 1, 2023, to file a response.

Grant has objected to the court's decision to give Xiong extra time to file a supplemental response, characterizing as incredible Xiong's assertion that he failed to realize that Grant's motion related to the video showing the denied phone call. Dkt. 44. Ordinarily, the court would wait until the district judge ruled on the objections before acting. *See* Fed. R. Civ. P. 72(a). But, to expedite this case, the court will simply vacate its order allowing Xiong to file a supplemental response.[1]

This course of action is appropriate because it's clear that the motion for sanctions fails. Grant's request for sanctions based on the failure to produce the video relating to the disciplinary report is moot now that Xiong has produced it. Furthermore, sanctions aren't appropriate for Xiong's failure to preserve and produce the video related to the denied phone call. For one thing, Grant cannot show that this failure prejudiced him. *See* Fed. R. Civ. P. 37(e)(1). Xiong doesn't appear to dispute that Grant was denied a phone call on that occasion, and Grant hasn't explained how proving this fact with video evidence would have any tendency to show that Xiong's decision was retaliatory. Also, Grant's request for prison officials to preserve the video for future litigation was boilerplate; he didn't explain its significance. *See* Dkt. 22-5. Grant hasn't shown that, in failing to preserve the video, prison officials "acted with the intent to deprive [him] of the information's use in the litigation." *See* Fed. R. Civ. P. 37(e)(2). By the same token, Grant hasn't shown that prison officials failed to preserve the video "for the purpose of hiding adverse information." *See Downing v. Abbott Lab'ys*, 48 F.4th 793, 812 (7th Cir. 2022).

---

[1] Because the motion for sanctions contains only a handful of references to the video showing that Xiong denied a phone call, it's plausible that Xiong overlooked this argument.

ORDER

IT IS ORDERED that:

1. The court's order granting defendant's motion for extension of time to file supplemental response, Dkt. 35, is VACATED.

2. Plaintiff's motion for spoliation sanctions, Dkt. 22, is DENIED.

3. The clerk of court is directed to send plaintiff a copy of this order.

Entered November 30, 2023.

                              BY THE COURT:

                              /s/

                              _____
                              STEPHEN L. CROCKER
                              Magistrate Judge